No. 11-1327

## In the United States Court of Appeals
### for the Seventh Circuit

---

Leon Modrowski,
Plaintiff-Appellant,


-v-

John Pigatto, Individually; Frank Pigatto, Individually;
TAQ Properties, LLC; and Capps Management,
Defendants-Appellees.

---

Appeal from the U.S. District Court for the
Northern District of Illinois
Eastern Division

No. 09-C-7002

Honorable Ronald A. Guzmán, presiding

---

## <u>Principal Brief and Appendix</u>
## <u>Of Plaintiff-Appellant</u>

Lisa M. Stauff
ARDC No. 6275980
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 505
Chicago, Illinois 60604
LStauff@StauffLaw.com
(312) 212-1036

Attorney for Plaintiff-Appellant

**Rule 26.1 Disclosure Statement**

The undersigned furnishes the following list in compliance with Circuit Rule 26.1:

1.  Before the District Court, the Plaintiff-Appellant Leon Modrowski was represented by Lisa M. Stauff of the Law Offices of Lisa M. Stauff.

2.  In this Appeal, the Plaintiff-Appellant Leon Modrowski is represented by Lisa M. Stauff of the Law Offices of Lisa M. Stauff.

_____*/s/ Lisa M. Stauff*

Lisa M. Stauff

# Table of Contents

Rule 26.1 Disclosure Statement...................................................................................2

Table of Authorities..........................................................................................................4

Jurisdictional Statement...................................................................................................5

Statement of Issues Presented for Review...................................................................5

Statement of the Case.......................................................................................................6

Statement of Facts.............................................................................................................6

Summary of Argument......................................................................................................9

Argument

I.    The District Court improperly granted summary judgment in defendants' favor because defendants' motion for summary judgment failed to apprise the court, or plaintiff, of the legal and factual grounds for defendants' contention that there was no triable issue of fact from which a reasonable jury could find in favor of plaintiff...................................................................................................................9

   A.  Standard of Review........................................................................................9

   B.  As movants for summary judgment, defendants had an initial burden under Federal Rule 56 and *Celotex Corp. v Catrett*, 477 U.S. 317 (1986), to show the district court the grounds upon which defendants' motion was based..........10

      1.  Defendants did not file a Local Rule 56. 1 Statement of Material Facts........................................................................12
      2.  Defendants did not file a sufficient memorandum of law in support of defendants' motion for summary judgment...................14
      3.  The only sliver of an argument raised in defendants' motion for summary judgment must be rejected because it is without support and defies the Federal and Local Rules...............15

   C.  Plaintiff was not obligated to respond to defendants' motion for summary judgment with evidence and legal argument because defendants failed to meet their initial burden under Federal Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)........................................................................................17

   D.  The District Court erred by holding that defendant was entitled to summary judgment because plaintiff did not respond to defendants' motion by presenting admissible evidence in support of plaintiff's claims.......................19

Conclusion..........................................................................................................................21

Short Appendix..................................................................................................................22

Circuit Rule 30(d) Statement .........................................................................................23

      Order on Defendants' Motion for Summary Judgment, Mar. 2, 2011....................24

## Table of Authorities

## Cases

*Anderson v. Cornejo,* 225 F. Supp. 2d 834, 845-846 (N.D. Ill. 2002) ..................................................... 15

*Bretford Mfg. v. Smith Sys. Mfg. Corp.,* 419 F.3d 576, 581 (7th Cir. 2005) ............................................ 15

*Burrell v. City of Matoon,* 378 F. 3d 642, 649 (7th Cir. 2004) ............................................................... 13

*Carmichael v. Village of Palatine,* 605 F.3d 451, 460 (7th Cir. 2010)............................................. 17, 18, 19

*Carroll v Stryker Corp.* 658 F. 3d 675, 682 (7th Cir. 2011) ..................................................................... 10

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). .............................................................. 10, 15, 16, 17

*Chicago Painters and Decorators Pension Plan v. Royal International Drywall and Decorating, Inc.,* 493
    F.3d 782, 789 (7th Cir. 2007) ............................................................................................................... 14

*Costello v. Grundon,* 651 F.3d 614, 635 (7th Cir. 2011)......................................................................... 11

*Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 632 (7th Cir. 2009) .......................................................... 12

*Edwards v. Honeywell, Inc.,* 960 F. 2d 673, 674-676 (7th Cir. 1992)....................................................... 20

*Fox v. Peters,* 2011 U.S. Dist. LEXIS 146381, ** 21-22 (N.D. Ill. 2011) ................................................ 18

*FTC v. Bay Area Bus. Council, Inc.,* 423 F.3d 627, 634 (7th Cir. 2005) .................................................. 13

*Gordon v. Vitalis Partners, LLC,* 2009 U.S.Dist LEXIS 56057 (N.D. Ill. 2009) ...................................... 14

*Graham v. AT&T Mobility, LLC,* 247 Fed. Appx. 26, 30-31 (7th Cir. 2007) ............................................ 14

*Grube v. Lau Industries, Inc.,* 257 F.3d 723, 728-731 (7th Cir. 2001) ..................................................... 14

*Logan v. Comm. Ins. Co.,* 96 F.3d 971, 978 (7th Cir. 1996) .................................................................... 19

*Marcatante v. City of Chicago,* 657 F. 3d 433, 439-440 (7th Cir. 2011)................................................... 18

*Ogdon v. Hoyt,* 409 F. Supp. 2d 982, 986 (N.D. Ill. 2006) ...................................................................... 12

*Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001) .......................................................................... 10

*Pourghoraishi v. Flying J Inc.* 449 F.3d 751, 765 (7th Cir. 2006) ........................................................... 20

*Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999)............................................................................... 10

*Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923 (7th Cir. 1994)................................................. 12

*Wilson v. Kautex, Inc.,* 2009 U.S. Dist. LEXIS 48981 **10-12 (N.D. Ind. 2009) ..................................... 13

**Jurisdictional Statement**

The District Court had jurisdiction pursuant to §§1331 and 1334 of the Judicial Code [28 U.S.C. §§1331, 1334] over Plaintiff's federal claims. The District Court had supplemental jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367] over Plaintiff's state law claims under the Illinois Whistleblower Act, 740 ILCS 174/20, and for the Illinois torts of intrusion upon seclusion, retaliatory discharge, malicious prosecution, and intentional infliction of emotional distress. The Court of Appeals had jurisdiction under §1291 of the Judicial Code [28 U.S.C. §1291].

On June 25, 2010, the District Court dismissed Count I, under the Stored Wire and Electronic Communications Act, 18 U.S.C. 2701, and Count III, under the Federal Wire Tapping Act, 18 U.S.C. 2511, both with prejudice. On January 11, 2011, the District Court granted summary judgment in Defendants' favor on Count II, under the Computer Fraud and Abuse Act, The District Court declined to exercise its supplemental jurisdiction on all of Plaintiff's state law claims. Final judgment in this action was entered and docketed on January 11, 2011. The Notice of Appeal was filed on February 10, 2011.

**Statement of Issues Presented for Review**

1.     Whether the District Court erred by granting Defendants' Motion for Summary Judgment where Defendants' 5 ½ page motion—which was prepared by counsel— failed to include a Local Rule 56.1 Statement, failed to cite relevant authority for substantive arguments of law, omitted citations to the pleadings, and relied upon no admissible evidence?

2.  Whether plaintiff bore any obligation to respond to defendants' motion for

summary judgment where defendants' failed to provide record citations or legal

authority in support of their motion?

**Statement of the Case**

Mr. Modrowski sued under the Computer Fraud and Abuse Act, 18 U.S.C. §1030,

the Federal Wire Tapping Act, 18 U.S.C. §1030, the Stored Wire and Electronic

Communications Act, 18 U.S.C. §2701, the Illinois Whistleblower Act, and the Illinois

torts of intrusion upon seclusion, retaliatory discharge, malicious prosecution, and

intentional infliction of emotional distress. (Record on Appeal, pp. 9-20).

The counts under the Federal Wire Tapping Act and the Stored Wire and

Electronic Communications Act were dismissed with prejudice. (R. at pp.89-93). The

Computer Fraud and Abuse Act count was dismissed without prejudice, and Mr.

Modrowski was granted leave to amend. (Id.)

Defendants responded to the Amended Complaint with a motion for summary

judgment. (R. at pp.116-123). The district court granted defendants' motion as to the

federal count, but declined to exercise supplemental jurisdiction over the state law

claims. (R. at pp.168-169).

**Statement of Facts**

Plaintiff, Leon Modrowski, was a property manager for defendants, who owned

several multi-unit apartment buildings in the suburbs of Chicago. (Amended

Complaint, R. at p. 96,¶¶6-8). In 2008, defendants began to pressure Mr. Modrowski to

skimp on important building repairs, and to not pay the proper interest rate on tenant

security deposits. (R. at p. 97, ¶16). Mr. Modrowski refused to engage in this unlawful behavior, which in part concerned tenant safety issues. (R. at p. 97, ¶17). For this refusal, Mr. Modrowski was fired. (R. at p. 97, ¶17). Mr. Modrowski was owed unpaid wages, and after defendants refused to pay him, Mr. Modrowski filed a lien against the properties pursuant to the Illinois Commercial Brokers Lien Act (R. at p. 97, ¶¶19-20).

Defendants demanded that Mr. Modrowski withdraw the liens, and threatened him with an unspecified arrest if he did not comply. (R. at p. 98, ¶¶22-23). Mr. Modrowski did not withdraw the liens, and was promptly arrested by the Hickory Hills Police for the alleged theft of a money order eight months prior. (R. at p. 98, ¶¶25-27). Defendants knew at the time of the arrest that the money order was tendered to Mr. Modrowski by a tenant to repay money that Mr. Modrowski had loaned to the tenant. (R. at p. 98, ¶27).

Eventually the misdemeanor theft charge was dismissed because the evidence showed that Mr. Modrowski did not convert the money order. (R. at p. 98, ¶30). The liens that Mr. Modrowski had put on the defendants' properties were put into foreclosure, due to the defendants' demand that the liens be enforced. (R. at p. 98,¶¶28-29). Shortly thereafter, just as the criminal case against Mr. Modrowski was fading and the foreclosure case against defendants was heating up, Mr. Modrowski found that he could not log into his personal email account. (R. at p. 98, ¶¶31-32).

Mr. Modrowski called AT&T, which informed him that defendants had changed the password to Mr. Modrowski's personal email account. (R. at p. 99, ¶33). Defendants were able to do this, unbeknownst to Mr. Modrowski, because back when Mr.

Modrowski worked for defendants, he had set up his work email and personal email accounts to be tied together with the same password. (R. at p. 99, ¶¶33-36). After Mr. Modrowski was fired he abandoned the work account, but maintained his personal account, forgetting that the accounts were somewhat merged. (R. at p. 99, ¶¶34-36). Mr. Modrowski's personal account contained years of personal, business, legal, medical, and family communications. (R. at p. 99, ¶¶38-40). Defendants now had access to all of these communications, including to all of the communications between Mr. Modrowski and his attorneys regarding litigation between Mr. Modrowski and defendants. (R. at p. 99, ¶¶38-40).

According to AT&T, defendants were owners of both accounts and had to authorize a separation of the accounts and a return of Mr. Modrowski's emails to him. (R. at p. 99, ¶37). Both AT&T and Mr. Modrowski's counsel reached out to defendants—before filing any litigation—to ask that defendants authorize AT&T to unmerge the accounts. (R. at p. 100, ¶¶45-51). Defendants refused. (R. at p. 100, ¶¶50-51). After the complaint was filed in the District Court, the District Court ordered defendants to authorize the unmerging of the accounts. Once the accounts were unmerged and Mr. Modrowski's personal account restored to his control, he discovered that defendants had deleted nearly all of the contents of Mr. Modrowski's personal email account. (R. at p. 101,¶58).

## Summary of Argument

Defendants' motion for summary judgment failed to comply with the Federal and Local Rules by omitting a Local Rule 56.1 Statement and supporting legal authority for its arguments. Further, defendants' motion did not discuss the statute under which plaintiff brought this litigation, nor did the motion discuss the elements of plaintiff's claim and point to facts that suggest there is no genuine issue of material fact warranting a trial.

Plaintiff did not respond to defendants' motion with a full presentation of his evidence and legal analysis. Plaintiff argued to the district court that there was little law or admissible evidence in defendants' 5 ½ page motion, and that plaintiff was under no duty to respond because defendants' had not met their initial burden as movants for summary judgment.

The district court disagreed, and granted summary judgment on the grounds that plaintiff failed to put forth his entire case to demonstrate a triable issue of fact. The district court erred, and must be overturned as a matter of law.

## Argument

I.    **The District Court improperly granted summary judgment in defendants' favor because defendants' motion for summary judgment failed to apprise the court, or plaintiff, of the legal and factual grounds for defendants' contention that there was no triable issue of fact from which a reasonable jury could find in favor of plaintiff.**

   **A.  Standard of Review**

The Appellate Court reviews a grant of summary judgment *de novo*, construing all inferences and facts in favor of the non-movant. *Carroll v Stryker Corp.* 658 F. 3d 675, 682 (7th Cir. 2011) (citation omitted).

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(a). On appellate review, "regardless of the district court's conclusion, if, on [this Court's] plenary review of the record, [this Court] find[s] that a genuine issue of material fact exists, [it] will reverse a grant of summary judgment and order a trial." *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999) (citing *Dorsey v. St. Joseph County Jail Officials*, 98 F.3d 1527, 1530 (7th Cir. 1996). The motion for summary judgment process is *not* a "paper trial." *Reed v. McBride* at 852. The courts cannot weigh evidence or assess the credibility of witnesses. *Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001).

### B.  As movants for summary judgment, defendants had an initial burden under Federal Rule 56 and *Celotex Corp. v Catrett,* 477 U.S. 317 (1986), to show the district court the grounds upon which defendants' motion was based.

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "The burden on the moving party may be discharged by "showing" — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex* at 325.  This is accomplished by the movant "articulat[ing] with references to the record and to the law specific reasons why it

10

believes there is no genuine issue of material fact." *Costello v. Grundon,* 651 F.3d 614, 635 (7th Cir. 2011)(citing *Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 979 (7th Cir. 1996).

Procedurally, a motion for summary judgment in this jurisdiction is governed by two sources: the Federal Rules of Civil Procedure, and the Local Rules of the Northern District of Illinois.

Under the Local Rules of the Northern District of Illinois, a movant for summary judgment "shall serve and file" three items: "(1) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e); (2) a supporting memorandum of law; and (3) a statement of material facts." Local Rule 56.1(a). A statement of material facts "consists of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." *Id.*

Federal Rules 56(c) specifies how a movant supports facts asserted in support of its motion:

> (1) Supporting Factual Positions. A party <u>asserting</u> that a fact cannot be or is genuinely disputed must <u>support</u> the assertion by:
> (A) <u>citing</u> to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) <u>showing</u> that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. *Fed. R. Civ. Pro.* 56(c) (emphasis added).

Distilled to its barest essence, Federal Rule 56(c) states that as to the presentation of facts, a movant must "assert" a fact, then "support" this fact by "citing" to the

record.[1] There is nothing in the Federal or Local Rules that suggests an assertion can be supported by an assertion, which is exactly what the defendants' did in their motion for summary judgment.

Defendants failed to follow the Local Rules and the Federal Rules in nearly every way. First, defendants did not file a Local Rule 56.1 Statement, and secondly, defendants did not file a supporting memorandum of law.

## 1. Defendants did not file a Local Rule 56. 1 Statement of Material Facts.

Parties moving for summary judgment must file, as a separate document, a statement of material facts. This statement

> "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Local Rule 56.1(a)(3)(B).

Rule 56.1 Statements of Fact serve as "road maps" to courts deciding motions for summary judgment. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994). They assist the court by pointing to "the specific undisputed evidence in the record that supports the party's position." *Ogdon v. Hoyt,* 409 F. Supp. 2d 982, 986 (N.D. Ill. 2006). This Court has consistently upheld strict compliance with Local Rule 56.1. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Only facts which are "amply

---

[1] Federal Rule 56(c)(1)(B) refers to the duties imposed upon non-movants or movants acting in response to the non-movants facts, and is therefore not discussed in this section as it does not apply to the analysis. *Committee Notes on Rules – 2010 Amendments, Fed. R. Civ. Pro. 56.*

supported by citations to the relevant record evidence" can be considered on review. *FTC v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 634 (7th Cir. 2005).

Defendants' motion for summary judgment contained, as a part of defendants' brief, fourteen numbered paragraphs under the heading "Statement of Facts." (Def. Mot. for Summary Judgment, R. at 118-123). Of these fourteen paragraphs, only nine had citations, and these citations were to Mr. Modrowski's amended complaint. (Id.)

Defendants presentation of the facts is woefully insufficient, and failed to comply with the rules. In *Wilson v. Kautex,* the court held that the movant failed to comply with Local Rule 56.1 where the movant failed to file a separate 56.1 statement, and where the only citations to evidence were to previous documents in the case, for which docket entry numbers were not provided. *Wilson v. Kautex, Inc.*, 2009 U.S. Dist. LEXIS 48981 **10-12 (N.D. Ind. 2009). The penalty for this refusal to file a proper Rule 56.1 Statement was a complete disregard of the facts the movant relied upon for its motion for summary judgment, thereby resulting in the failure of the motion. *Id.*

Defendant similarly failed to provide a separate statement, proper citations, and did not point the court to the specific documents by number in the docket history it was referring to. (R. at pp. 118-123). Moreover, to the extent that defendants' fourteen paragraphs could be construed as a weak Rule 56.1 Statement, defendants are still not in compliance with Local Rule 56.1 because they have not cited any admissible evidence in support of their motion.

Defendants cite only to the amended complaint, and pleadings are not evidence. *Burrell v. City of Matoon,* 378 F. 3d 642, 649 (7th Cir. 2004). The district court analyzed this

13

issue in *Gordon v. Vitalis Partners, LLC,* in which Judge Kocoras denied summary judgment where the movant cited only to the complaint and a letter in support of movant's motion for summary judgment. *Gordon v. Vitalis Partners, LLC*, 2009 U.S.Dist LEXIS 56057 (N.D. Ill. 2009). The court held that the movant had not complied with Local Rule 56.1by citing to the complaint, because the complaint is "not evidence." *Id.*

### 2. Defendants did not file a sufficient memorandum of law in support of defendants' motion for summary judgment.

Local Rule 56.1(a)(2) requires movants for summary judgment to serve and file a "supporting memorandum of law." Local Rule 56.1(a)(2). A supporting memorandum is one that contains citations to relevant authority. *See, Trs. Chicago Painters and Decorators Pension Plan v. Royal International Drywall and Decorating, Inc.*, 493 F.3d 782, 789 (7th Cir. 2007) (an argument without citations to authority is "unsupported") (citing *U.S. v. Turcotte,* 405 F. 3d 515, 536 (7th Cir. 2007)).

The district courts take a dim view of parties who do not provide citations to relevant authority in memoranda of law. In *Grube v. Lau Industries, Inc.,* a party provided no citations to authority in support of arguments which went to the heart of her claims, and had summary judgment granted against her. *Grube v. Lau Industries, Inc.,* 257 F.3d 723, 728-731 (7th Cir. 2001). In *Graham v. AT&T Mobility, LLC,* this Court deemed waived arguments that were made without citations to legal authority. *Graham v. AT&T Mobility, LLC,* 247 Fed. Appx. 26, 30-31 (7th Cir. 2007). In *Anderson v. Cornejo*, the district court rejected a part of defendants' motion for summary judgment in part

because defendants failed to cite legal authority for their arguments. *Anderson v. Cornejo,* 225 F. Supp. 2d 834, 845-846 (N.D. Ill. 2002) (rev'd in part on other grounds).

The argument section of defendants' motion for summary judgment is barely one page long, does not mention the statute under which defendants believe they are entitled to summary judgment, and contains not one single citation to caselaw in support of its argument. (R. at p. 118-123). Defendants' motion should have been denied. See *Bretford Mfg. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005) (claims fail where argument is less than one page long and has no citations to the record or to the law).

> **3. The only sliver of an argument raised in defendants' motion for summary judgment must be rejected because it is without support and defies the Federal and Local Rules.**

The argument section also relies upon allegations regarding discovery which have no evidentiary support and no supporting legal authority.

Defendants argued in both their initial motion for summary judgment brief and in their reply, that this is a "no evidence summary judgment motion," citing *Celotex* for support. (R. at pp. 120-121). Defendants appear to believe that *Celotex* and its progeny stand for the proposition that if the parties do not conduct discovery, there is no evidence in the case.

This attempt to coin a term grossly misunderstands and/or misrepresents the law of summary judgment and discovery. The portion of *Celotex* cited by the defendants discusses the burden placed upon non-movants once the movant has met its initial burden of production. *Celotex* at 322-323. *Celotex* says that summary judgment is

mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex* at 322.

The very next paragraph in *Celotex* says "of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex* at 323.

*Celotex* absolutely does <u>not</u> say that if the parties do not conduct discovery defendants' are entitled to summary judgment as a matter of law—*Celotex* says nothing about the adequacy of discovery other than to say that summary judgment is an option "after adequate *time* for discovery." *Celotex* at 322 (emphasis added).

Therefore, defendants' argument that the adequacy of discovery triggers a summary judgment decision, is absurd on its face—legal research has produced no caselaw that supports or rejects such a notion. That said, even if there was a rule saying that defendants are entitled to summary judgment if the parties do not conduct discovery, there are two problems: 1) defendant has cited no authority for such a rule, and 2) defendants produced no admissible evidence demonstrating what did or did not happen between the parties in discovery.

Discovery materials such as requests and responses, initial disclosures, expert disclosures, and deposition transcripts are never filed with the court, so they would not show up on any docket history. Local Rule 26.3 ("Except as provided by this rule, discovery materials, including disclosure of expert testimony, shall not be filed with the court.")

Defendants did not attach any affidavits, communications, transcripts or any other evidence regarding discovery to its motion. (R. at 116-123). Defendants' assertions were little more than hollow words on paper. Mr. Modrowski was under no obligation to rebut defendants' assertions regarding discovery because these assertions were not properly supported, and granting summary judgment on this basis is improper. *Costello v. Grundon,* 651 F. 3d 614, 635 (7th Cir. 2011).

> C. **Plaintiff was not obligated to respond to defendants' motion for summary judgment with evidence and legal argument because defendants failed to meet their initial burden under Federal Rule 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).**

As was stated earlier, a party moving for summary judgment bears the initial burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Celotex* at 323. When defendants failed to include facts, supported by admissible evidence, and citations to authority, in their motion for summary judgment, defendant failed to meet their initial burden.

In *Carmichael v. Village of Palatine*, this court reversed the district court's grant of summary judgment upon finding that the defendant did not meet its initial burden of production. *Carmichael v. Village of Palatine,* 605 F.3d 451, 460 (7th Cir. 2010). The defendant's motion contained no citations to relevant facts or law on two issues, the plaintiff's response did not address these issues, yet the district court granted summary judgment for defendant on all counts. *Id.* This Court reversed this decision, holding that the defendants "never fulfilled the obligation of setting forth the basic facts and law

which, in their view, warranted summary judgment on this claim." *Id*. Consequently,

"the burden of defeating summary judgment did not shift to the plaintiffs." *Id*.

The district court relied upon *Carmichael* recently in a summary judgment case

where the entirety of the movant's argument was as follows:

> Plaintiff's claim that Wexford maintained a policy where inmates with serious medical conditions were denied access to proper medical care, which resulted in frequent failures to provide proper medical care to inmates, also must fail for a lack of proof.  Plaintiff  cannot identify any Wexford policy or procedure which allegedly violated his constitutional rights. As plaintiff cannot identify a Wexford policy or procedure which actually violated his constitutional rights, this claim must also fail. *Fox v. Peters,* 2011 U.S. Dist. LEXIS 146381, ** 21-22 (N.D. Ill. 2011).

The district court held that this statement was "conclusory" and "insufficient to shift the

summary judgment burden to [the non-movant]." *Id*.

This contrasts to the situation in *Marcatante v. City of Chicago,* where plaintiffs

contended that defendants did not meet their initial burden for failure to properly cite

to relevant legal authority. *Marcatante v. City of Chicago,* 657 F. 3d 433, 439-440 (7th Cir.

2011) This court rejected plaintiffs' argument, holding that defendants properly raised

the disputed issues not once, but twice in memoranda supporting summary judgment

in defendants' favor. *Marcatante* at 440.

The motion for summary at issue in the present case suffers from the same

defects as the motions in *Carmichael* and *Fox*. Like the defendant-movants in those cases,

defendants in the present case produced no facts supported by admissible evidence and

no citations to relevant legal authority. Defendants' motion for summary judgment did

not discuss any of the elements of the statute under which it moved for summary

judgment, and the one argument defendants raised was about discovery and was
without any citations to authority.

Therefore, similarly to the movants in *Carmichael* and *Fox,* defendants in the
present appeal failed to meet their initial burden of production. There were no grounds
advanced by defendants for the granting of summary judgment, and the district court
must be reversed.

> **D. The District Court erred by holding that defendant was entitled to
> summary judgment because plaintiff did not respond to defendants'
> motion by presenting admissible evidence in support of plaintiff's
> claims.**

The district court granted summary judgment because Mr. Modrowski did not
respond substantively to defendants' motion for summary judgment by addressing any
of the issues Mr. Modrowski on which he bears the burden of proof at trial. (*Order on
Defendant's Motion for Summary Judgment,* J. Guzmán, U.S. District Court, March 2, 2011,
R. at pp. 168-169 ("Plaintiff has not offered *any* evidence in response to defendants'
motion, let alone evidence sufficient to raise a triable issue of fact …The Court,
therefore, grants defendants' motion on this claim.")(emphasis in the original)).

This reasoning commits the "unfortunately common error in the application of
summary judgment review, that of overlooking the movant's initial burden of
production where the nonmovant bears the burden of proof at trial." *Logan v. Comm.
Ins. Co.,* 96 F.3d 971, 978 (7th Cir. 1996) (citation omitted).

An "unsupported—or 'naked'—motion for summary judgment does not require
the nonmovant to come forward with evidence to support each and every element of its

claims." *Logan* at 979 (citing *Russ v. Internat'l Paper Co.,943* F.2d 589, 591-93 (5th Cir.

1991) (per curiam), *cert. denied,* 503 U.S. 987, 118 L. Ed. 2d 393, 112 S. Ct. 1675 (1992).

A nonmovant is not required to address issues not raised in a motion for

summary judgment. *Pourghoraishi v. Flying J Inc.* 449 F.3d 751, 765 (7th Cir. 2006)(citing

*Titran v. Ackman,* 893 F.2d 145, 148 (7th Cir. 1990). In *Pourghoraishi v. Flying J Inc.* this

Court reversed summary judgment for one of the defendants, holding that plaintiff

could not respond to issues that he could not have anticipated as to that defendant.

*Pourghoraishi* at 765-766. In *Edwards v. Honeywell, Inc.* this Court reversed summary

judgment for defendant where the district court granted summary judgment on an

issue defendant first raised in a supplemental brief, to which plaintiff had no

opportunity to respond. *Edwards v. Honeywell, Inc.,* 960 F. 2d 673, 674-676 (7th Cir. 1992).

In the case at bar, defendants raised no issues in their motion that argued for

summary judgment under any federal law. The most careful reading of defendants'

motion does not even reveal the statute under which defendants move for summary

judgment.[2] Therefore, Mr. Modrowski was under no obligation to put forth all evidence

in support of his claims, and the district court should not have granted summary

judgment on the grounds that Mr. Modrowski failed to put forth evidence in support of

each element of his case.

---

[2] This is <u>not</u> hyperbole. Mr. Modrowski asks that this Court read Defendant's *Memorandum of Law in Support of Motion for Summary Judgment* before reading the Docket History or any other document in the matter before the district court, to see if the Court can divine the lone federal statute—of the three Mr. Modrowski started with-- under which Mr. Modrowski has survived to summary judgment.

# Conclusion

"The Federal Rules impose a number of duties upon non-movants, but clairvoyance is not among them." *Edwards v. Honeywell, Inc.*, 960 F.2d 873, 975 (7th Cir. 1992). As a matter of law, the district court should have rejected defendants' motion for its failure to apprise the district court, and plaintiff, of the issues upon which it moved for summary judgment. This Court is urged to reverse the district court's decision, and remand for further proceedings.

Respectfully submitted,
Leon Modrowski,
Plaintiff-Appellant

By:_____ */s/ Lisa M. Stauff*
his attorney

Lisa M. Stauff
ARDC No. 6275980
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 505
Chicago, Illinois 60604
LStauff@StauffLaw.com
(312) 212-1036

# Short Appendix

### Circuit Rule 30(d) Statement

Pursuant to Circuit Rule 30(d), the undersigned attorney certifies that the attached appendix to Plaintiff-Appellant's Principal Brief contains all of the documents required to be included in the appendix by Circuit Rules 30(a) and (b).


_____/s/ Lisa M. Stauff_


Lisa M. Stauff
Plaintiff-Appellant's Attorney

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7002 | **DATE** | 1/11/11 |
| **CASE TITLE** | Leon Modrowski vs. John Pigatto, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, the Court grants defendants' motion for summary judgment [doc. no. 33] on the Computer Fraud and Abuse claim, declines to exercise supplemental jurisdiction over plaintiff's state law claims and terminates this case.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

In his amended complaint, plaintiff alleges that defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and a variety of state laws. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants the motion.

### Discussion

To prevail on a summary judgment motion, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Sellers v. Zurich Am. Ins. Co.*, __ F.3d __, 2010 WL 4909455, at *2 (7th Cir. 2010). "There is no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007).

### Federal Claim

Plaintiff contends that defendants' motion with respect to the Computer Fraud and Abuse Act claim must be denied because they have not offered any evidence to support it. Defendants, however, do not have the burden of production or proof on this claim. Thus, they can prevail on their motion solely by showing that plaintiff "cannot produce admissible evidence" to create a triable issue of fact. Fed. R. Civ. P. 56(c)(1)(B); *id.* advisory committee notes, 2010 amendments, subdiv. c ("[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact."); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (stating that a summary judgment motion can be supported solely by the pleadings if the nonmovant has the burden of proof on a dispositive issue). Moreover, this kind of motion "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts

---

**STATEMENT**

showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quotation omitted).

Plaintiff has not offered *any* evidence in response to defendants' motion, let alone evidence sufficient to raise a triable issue of fact as to the elements of his Computer Fraud and Abuse Act claim. *See* 18 U.S.C. § 1030(a)(2)(C), (5)(C), (c)(4)(A)(i)(I), (g) (stating that a person violates the statute if he obtains information from a computer that affects interstate commerce by accessing it intentionally and without consent and, as a result of that conduct, inflicts at least $5,000.00 of economic loss on another person). The Court, therefore, grants defendants' motion on this claim.

## State Claims

Plaintiff's other claims are grounded in state law. Having dismissed the only federal claim remaining in this suit, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c) (stating that a court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction").

## Conclusion

For the reasons set forth above, the Court finds that there is no genuine issue of material fact as to whether defendants violated the Computer Fraud and Abuse Act and defendants are entitled to judgment as a matter of law on that claim. The Court, therefore, grants defendants' motion for summary judgment on that claim, declines to exercise supplemental jurisdiction over the remaining state law claims and terminates this case.

## Certificate of Service

I, Lisa M. Stauff, an attorney, hereby certify that on January 30, 2012 I served the attached Principal Brief and Appendix of Plaintiff-Appellant on all parties of record using the Court's CM/ECF System.

*/s/ Lisa M. Stauff*
Lisa M. Stauff

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 505
Chicago, Illinois 60604
(312) 212-1036